Vermont Superior Court
Filed 06/27/25
Chittenden Unit

VERMONT SUPERIOR COURT                    CIVIL DIVISION
Chittenden Unit                           Case No. 25-CV-01947
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



| Green Mountain Credit Union v. Melisa Mahony |
| --- |

## ENTRY REGARDING MOTION

Title:      Motion to Dismiss Plaintiff's Complaint (Motion: 1)
Filer:      Cristina L. Dulay
Filed Date: June 09, 2025

The motion is DENIED. The court notes that while the October 12, 2022 decision in *Frey v. Amer. Nat'l Ins. Co.*, No. 59-11-19 Gicv, has no precedential value, it was authored by a jurist in whose judgment the court has the utmost confidence; the court concludes that its analysis is fully instructive here. Plaintiff has sufficiently pleaded the existence of a professional relationship; whether that relationship is one that falls within the exception recognized in *EBWS, LLC v. Britly Corp.*, 2007 VT 37, ¶ 31, 181 Vt. 513 cannot be determined on the facts alleged. *See also* Restatement (Third) of Torts: Liab. for Econ. Harm § 4, Comment b ("In defining which occupational groups are 'professionals,' courts consider whether the practice of the occupation requires formal training and a license issued by a public body, whether the occupation has an internal code of conduct and discipline, and whether there is a need for complex discretionary judgments in carrying out the work."); *West v. Inter-Financial, Inc.*, 2006 UT App. 222, ¶¶ 28–29 (collecting cases and concluding that "real estate appraisers, like other real estate professionals, are not shielded by the economic loss rule").

Moreover, the Restatement (Third) expressly recognizes:

> An actor who, in the course of his or her business, profession, or employment, or in any transaction in which the actor has a pecuniary interest, supplies false information for the guidance of others is subject to liability for pecuniary loss caused to them by their reliance upon the information, if the actor fails to use reasonable care in obtaining or communicating it.

Restatement (Third) of Torts: Liab. for Econ. Harm § 5; *see id.*, Comment d ("In addition, defendants who hold themselves out as having expertise in rendering opinions or predictions, as appraisers and auditors often do, may be held liable for negligence in forming or communicating them."). The court is confident in the prediction that the Vermont Supreme Court would adopt these teachings.

Electronically signed pursuant to V.R.E.F. 9(d): 6/27/2025 1:46 PM

Samuel Hoar, Jr.
Superior Court Judge